O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 07-1051 PSG (SSx) | Date | Dec. 11, 2008 |
|---|---|---|---|
| Title | Cam Guard Systems, Inc. v. Smart Systems Technologies, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s): Attorneys Present for Defendant(s):

Not Present                                          Not Present

**Proceedings:**   **(In Chambers) Order Granting Plaintiff's Motion for Prejudgment and Postjudgment Interest**

I.      BACKGROUND

Plaintiff Cam Guard Systems, Inc. ("Cam Guard") and Defendant Smart Systems Technologies, Inc. ("SST") compete with each other in the field of temporary surveillance equipment. Essentially, both parties market and manufacture portable surveillance towers that are primarily used to deter theft and vandalism on construction sites. At issue in this case is a distinct surveillance system, developed by Cam Guard and to which Cam Guard holds several patents. Specifically, Cam Guard holds the following: U.S. Patent No. 7,267,496 ("'496 Patent"), U.S. Patent No. 7,059,783 ("'783 Patent"), and U.S. Patent No. 7,111,997 ("'997 Patent").

On September 11, 2007, Cam Guard filed suit against SST, alleging that SST infringed the '496 Patent, '783 Patent, and '997 Patent. These claims were addressed in a June 3, 2008 "Order on Plaintiff's Motion for Summary Judgment." In that Order, this Court found that SST's surveillance towers did indeed infringe Claims 1-7, 9-14, 16-17, and 19-26 of the '783 Patent, Claims 1 and 3-5 of the '496 Patent, and Claims 1-5, 8, 13, and 14 of the '997 Patent. *See Order on Plaintiff's Motion for Summary Judgment* (June 3, 2008). Furthermore, the Court found that SST's invalidity and inequitable conduct defenses failed as a matter of law. *Id.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1051 PSG (SSx) | Date | Dec. 11, 2008 |
|---|---|---|---|
| Title | Cam Guard Systems, Inc. v. Smart Systems Technologies, Inc. | | |

On November 12, 2008, the Court entered final judgment in this matter. In the Court's final judgment order, it awarded Cam Guard prejudgment and postjudgment interest on the $183,000 in damages found by the jury. Presently, Cam Guard has filed a Motion, in which it requests $19,433 in prejudgment interest, as well as $6.88 per day in postjudgment interest from November 12, 2008 until payment is made pursuant to the Court's November 12 Order.

II.     LEGAL STANDARD

   A.     Prejudgment Interest

In *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 76 L. Ed. 2d 211, 103 S. Ct. 2058 (1983), the Supreme Court held that in view of the requirement in 35 U.S.C. § 284 that the court "shall award" the successful plaintiff in a patent infringement suit damages adequate to compensate for the infringement, "prejudgment interest should ordinarily be awarded." *Id.* at 655-56. The Court reasoned:

> In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of the infringement and the date of the judgment.

*Id.* at 655-56.

The Court did not, however, "construe § 284 as requiring the award of prejudgment interest whenever infringement is found." *Id.* at 656. Instead, the Court found that § 284 "leaves the court some discretion in awarding prejudgment interest." *Id.* The Supreme Court then provided the example of a patent owner who has been responsible for undue delay in prosecuting the lawsuit as one circumstance when it "may be appropriate to limit prejudgment interest, or perhaps even deny it altogether." *Id.*

Additionally, just as the threshold determination of whether a party should receive an award of prejudgment interest is left largely to the discretion of the district court, so is the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1051 PSG (SSx) | Date | Dec. 11, 2008 |
|---|---|---|---|
| Title | Cam Guard Systems, Inc. v. Smart Systems Technologies, Inc. | | |

determination of the rate of prejudgment interest and whether it should be compounded or uncompounded. *Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) (listing cases holding likewise).

  B.  Postjudgment Interest

28 U.S.C. § 1961(a) provides:

Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment.

  Also, postjudgment interest is computed daily from the date of judgment to the date of payment. *Id.* at § 1961(b).

III.  DISCUSSION

  A.  Whether Cam Guard Should Be Awarded $19,433 in Prejudgment Interest

    1.  Whether Cam Guard Should Receive An Award of Prejudgment Interest

  Cam Guard requests $19,433 in prejudgment interest. In opposition to this request, SST argues that the Court should deny Cam Guard's request because there is no implication of bad faith on the part of SST in this matter. As support for this averment, SST first directs the Court's attention to the jury's finding that SST had not willfully infringed any of Cam Guard's patents. SST then argues that since the jury returned a "conservative damages award," obviously the jury "did not feel that Plaintiff's patents were very meritorious." Lastly, SST argues that throughout the litigation it has modified its towers in an attempt to avoid further unlawful conduct.

  The Court finds SST's argument unconvincing for two reasons. First, SST attempts to read much too much into a jury verdict form. Essentially, that jury form lists only outcomes. The Court is unwilling, much less able, to extrapolate a conclusion that the jury "did not feel that Plaintiff's patents were very meritorious" after reading a simple fill-in-the-blank form.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1051 PSG (SSx) | Date | Dec. 11, 2008 |
|---|---|---|---|
| Title | Cam Guard Systems, Inc. v. Smart Systems Technologies, Inc. | | |

Accordingly, the Court declines SST's invitation to do so. As for SST's second argument, it has provided no legal support as to why the Court should, in the first instance, focus on a defendant's behavior when determining whether an award of prejudgment interest is warranted. Accordingly, the Court declines to do so.

Based on the foregoing and the record before it, the Court finds no reason that prejudgment interest should not be awarded in this case. In actuality, the Court finds that such an award is indeed necessary to place Cam Guard in as good a position as it would have been had SST entered into a reasonable royalty agreement. *Cf. Devex Corp.*, 461 U.S. at 655-56.

2. Time Period

Besides contesting whether Cam Guard should be awarded prejudgment interest in the first instance, SST also contests the time period for calculating prejudgment interest. According to Cam Guard, prejudgment interest is due from June 2006 until the date final judgment was entered (November 12, 2008). It is SST's position, however, that Cam Guard can only recover prejudgment interest from November 1, 2006, and onwards.

As the Federal Circuit stated in *Bio-Rad Labs, Inc.*, "[t]he normal procedure under *Devex* is to award prejudgment interest from the date of infringement to the date of payment, since only such award will satisfy 'Congress' overriding purpose [in section 284] of affording patent owners complete compensation." *Bio-Rad Labs, Inc.*, 807 F.2d at 969. The Court sees no reason to depart from the standard rule. Accordingly, the Court calculates prejudgment interest from the start of the infringement period, June 2006, until the date final judgment was entered (November 12, 2008).

3. Whether Interest Should be Compounded

The Court next considers whether to grant Cam Guard's request to compound interest. As noted above, this decision is "left largely to the discretion of the district court." *Bio-Rad Labs, Inc.*, 807 F.2d at 969. The Court finds that compounding interest will properly compensate Cam Guard between the time of the infringement and the date of the judgment. Accordingly, the Court approves of Cam Guard's request.

3. Conclusion

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-1051 PSG (SSx) | Date | Dec. 11, 2008 |
|---|---|---|---|
| Title | Cam Guard Systems, Inc. v. Smart Systems Technologies, Inc. | | |

In summary, the Court rejects all of SST's arguments in opposition to Cam Guard's request for prejudgment interest. Instead, the Court GRANTS Cam Guard's Motion for $19,433 in prejudgment interest.

  B. <u>Whether Cam Guard Should Be Awarded $6.88 per Day in Postjudgment Interest</u>

Next, the Court considers whether Cam Guard should be awarded $6.88 per day in postjudgment interest to the date of payment. As Cam Guard correctly points out, postjudgment interest is calculated on the total monetary judgment[1] from the date of the entry of the judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. *See* 28 U.S.C. § 1961(a)-(b). Here, the total monetary judgment is $202,433.[2] Accordingly, using the methodology articulated above, the Court finds that Cam Guard is owed postjudgment interest in the amount of $6.88 per day.

III. <u>CONCLUSION</u>

Based on the foregoing, the Court GRANTS Cam Guard's Motion. Accordingly, SST is ordered to pay Cam Guard $19,433, as an award of prejudgment interest under 35 U.S.C. § 284. Additionally, SST is ordered to pay Cam Guard $6.88 per day, from November 12, 2008 through the date payment is made pursuant to this Court's November 12, 2008 Final Judgment Order, as an award under 28 U.S.C. § 1691.

  **IT IS SO ORDERED.**

---

[1] This includes prejudgment interest. *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290-91 (9th Cir. 1995).

[2] This sum reflects both the jury award and the present award of prejudgment interest.